HERBERT ARROYO, Plaintiff and Appellee, *v.* JOSÉ RAMÓN QUIÑONES, ETC., Defendant and Appellant.

No. 11301.   Argued November 10, 1954.—Decided November 30, 1954.

*Ramón H. Vargas* for appellant.   *Guillermo Bauzá* for appellee.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the Court.

This is a suit for wages purportedly owed for overtime work. The defendant's answer alleged among other things that the plaintiff had been employed by him as an executive and was therefore exempt from the provisions for overtime pay in the Federal and local laws. The defendant moved

for a special hearing of the latter defense. He stated in his motion that this was a question of law which ". . . requires the presentation of abundant oral and documentary evidence . . . ". The Superior Court granted this motion and fixed the said hearing for a specific date and time. Counsel for the plaintiff, asserting that he had to appear in another court at the same date and time, filed a motion "submitting on their merits" the questions raised by the defendant.

Pursuant to his motion, the plaintiff did not appear at the hearing held by the trial court on the special defense that the plaintiff as an executive was not entitled to overtime pay. The defendant offered testimony on the basis of which the trial court entered seven findings of fact and two conclusions of law. The court concluded that the testimony showed the plaintiff was an executive and therefore that under the Federal and local laws he was not entitled to overtime pay. Accordingly, it ordered the complaint dismissed, without any special provision for costs or attorney's fees. This disposition of the court was entitled "Resolution" and was filed on October 23, 1953.

On November 11, 1953 the plaintiff moved for reconsideration of the "order" of October 23, 1953 stating that he had understood that the motion of the defendant was to be heard exclusively on questions of law without the taking of testimony, and for that reason he had not appeared at the hearing thereon. On December 3, 1953 the trial court fixed December 18 as the date for a hearing on the motion for reconsideration. Although the said hearing was apparently held on December 18, the record does not show that the trial court disposed of the motion. On December 22, 1953 the plaintiff filed another motion for reconsideration of the "order" of October 23, 1953 based on Rule 60 (b) of the Rules of Civil Procedure. In this motion the plaintiff alleged that by inadvertence of his counsel the latter had submitted the question of exemption and had not "taken into consideration" that testimony would be presented at the hearing there-

on. On December 29, 1953, the defendant filed an opposition to the latter motion. On January 28, 1954 the trial court entered the following order: "The motion for reconsideration filed by the plaintiff in this case having been heard and in the light of the reasons stated by him through his attorney at the hearing held on last December 18, the court grants the said motion and sets aside its order of October 23 of the past year, in order that the plaintiff may present the testimony he has in support of his contention and fixes the case to be heard on the merits on February 11, 1954 . . . ". The defendant has appealed from the foregoing order on the ground that it is an order subsequent to the "judgment" in the case.

The "order" of October 23, 1953 was in fact a final judgment as it put an end to the controversy between the parties. See *Rodríguez* v. *Municipal Court and Ramos*, 74 P.R.R. 616. However, there is nothing in the record which shows that the Secretary of the Court filed the notification thereof in the record. The plaintiff in effect asserts in his brief without contradiction by the defendant that this has not occurred. Consequently, under § 292 of the Code of Civil Procedure, as amended by Act No. 67, Laws of Puerto Rico, 1937, the motions on both dates—November 11, 1953 and December 22, 1953—were timely motions for reconsideration. The trial court could therefore grant the latter and set aside its judgment irrespective of whether it would lie under Rule 60(*b*). See *González* v. *Am. Surety Co.*, 71 P.R.R. 330.[1]

The order of the Superior Court of January 28, 1954 setting aside its "order" of October 23, 1953 will be affirmed.

Mr. Justice Ortiz did not participate herein.

---

[1] We note in passing that, in connection with the propriety of the action of the court under Rule 60(b), the record does not contain a transcript of what took place at the hearing on December 18, 1953, on which the trial court based its order of January 28, 1954 setting aside its "order" of October 23, 1953. *Cf. Santiago* v. *Rodríguez*, 72 P.R.R. 253.